UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| ROBIN L. EVERHART, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:17-cv-00076-TAB-SEB |
| | ) | |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF REMAND**

Plaintiff Robin L. Everhart appeals the Commissioner's denial of her applications for disability insurance benefits and supplemental security income benefits. Everhart raises two arguments. First, she contends the Administrative Law Judge erred in relying on the vocational expert's testimony without properly addressing her objections to that testimony. Second, she argues the ALJ failed to properly evaluate the opinions of her treating physician, George Raque, M.D., and the consultative examiner, Marc B. Willage, M.D. The Court finds that the ALJ did not err and affirms the Commissioner's decision.

**I. Background**

Everhart applied for Social Security benefits, alleging disability beginning on July 9, 2013. Her claims were denied initially and upon reconsideration. Everhart, represented by counsel, testified at a hearing before an ALJ. A vocational expert also testified. Thereafter, the ALJ issued his decision, finding Everhart not disabled.

At step one, the ALJ determined Everhart has not engaged in substantial gainful activity since July 9, 2013, the alleged onset date. [Filing No. 13 at ECF p. 27.] At step two, he found

she has severe impairments of disorder of the cervical and lumbar spine, chronic obstructive pulmonary disease, anxiety, and affective disorder. [*Id.*] At step three, the ALJ concluded Everhart does not have any impairment or combination of impairments that meets or equals the severity of a listing. [*Id.* at 28.]

The ALJ found Everhart has the residual functional capacity to perform a limited range of light work. [Filing No. 13 at ECF p. 31.] At step four, based on this RFC, he decided Everhart was unable to perform any of her past work. [*Id.* at ECF p. 39.] At step five, given her age, education, work experience, and RFC and the vocational expert's testimony, the ALJ found Everhart was able to perform work that exists in significant numbers in the national economy such as router, mail clerk, and price marker. [*Id.* at 40.] Therefore, he concluded she was not disabled under the Social Security Act. [*Id.*]

The Appeals Council denied review and this appeal followed.

**II. Discussion**

The Court reviews the ALJ's decision to determine whether the ALJ applied the correct legal standard and whether substantial evidence supports the decision. *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017). This review is deferential; the Court does not reweigh the evidence or substitute its judgment for that of the ALJ. *Id.*

Everhart's first argument is that the ALJ erred in relying on the vocational expert's testimony without properly addressing her post-hearing objections to that testimony. When the ALJ's step-five determination is based on a vocational expert's testimony, that testimony must be reliable. *Britton v. Astrue*, 521 F.3d 799, 803 (7th Cir. 2008).

At the hearing before the ALJ, Everhart's counsel said that Everhart had no objection to the vocational expert's qualifications, but he "typically" objects to the extent the expert testifies

2

about the number of jobs that exist in the economy because the vocational expert is not qualified as a numbers expert. [Filing No. 13 at ECF p. 84.] The ALJ posed a hypothetical to the vocational expert, asking him to assume a person of Everhart's age, education, work experience, and an RFC for a limited range of light work and asked if there were any light, unskilled jobs such a person could perform. [*Id.* at ECF pp. 80–81.] The vocational expert answered that jobs existed that such a person could perform and gave examples of a router position, a mail clerk, and a price marker. [*Id.* at ECF p. 81.] The expert stated that in the national economy there were approximately 145,000 router positions, 41,000 mail clerk positions, and 162,000 price marker positions. [*Id.*] Everhart's counsel did not object to the testimony about the number of jobs.

The ALJ inquired of the vocational expert about where he obtained the job numbers, and the expert identified the Job Browser Pro program in SkillTRAN in combination with the Bureau of Labor Statistics, and "SOC codes." [*Id.*] Thus, the vocational expert testified as to the source of his job numbers. When Everhart's counsel questioned the vocational expert, he asked how current the job numbers were. [*Id.* at ECF p. 88.] The expert stated that he had updated the numbers within the last six months. [*Id.*] Counsel did not question the expert about the basis for his opinions or challenge their foundation.

After the hearing, however, Everhart submitted a memorandum to the ALJ objecting to the vocational expert's testimony and challenging the foundation for his opinions, including his testimony about the number of jobs in the national economy. [Filing No. 13-1 at ECF pp. 1–6.] The ALJ addressed the post-hearing memorandum in his decision, noting it asserted the vocational expert's testimony was "'unfounded, unsupported, unreliable and conjured from whole cloth.'" [Filing No. 13 at ECF p. 24 (quoting Filing No. 13-1 at ECF p. 1).] The ALJ also referred to counsel's objections to the vocational expert's qualifications and the expert's

testimony about the number of jobs in the national economy. [*Id.*] In his decision, the ALJ wrote that he "does not find the arguments persuasive, and further finds the vocational expert's testimony to be qualified and credible." [*Id.*] The ALJ denied the request for a supplemental hearing for the purpose of objecting to the expert's testimony. The ALJ determined that the vocational expert's testimony was consistent with the information in the *Dictionary of Occupational Titles* (the "*DOT*") and his testimony was "based not only on the *DOT*, but also on his 25 years of experience in the field, training and Job Browser Pro/SkillTRAN." [Filing No. 13 at ECF p. 40.]

Thus, contrary to Everhart's assertion, the ALJ did rule on her post-hearing objections to the vocational expert's testimony. Importantly, the ALJ rejected her challenge to the reliability of that testimony and noted it was based in part on the *DOT*.

Yet Everhart argues that the ALJ erred in relying on the vocational expert's testimony about the numbers of available jobs because the testimony was based on the *DOT*, which has not been updated in over 20 years. Although Everhart's counsel may have expressed an intent to object to the vocational expert's job-numbers testimony [Filing No. 13 at ECF p. 84], Everhart failed to object to the testimony. As a result, she forfeited her objections to the vocational expert's testimony and arguments about the reliability of the *DOT* and other data which formed the basis for that testimony. *See, e.g.*, *Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016) (concluding claimant forfeited arguments about vocational expert's testimony regarding the number of jobs by failing to object at the hearing); *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) ("When no one questions the vocational expert's foundation or reasoning, an ALJ is entitled to accept the vocational expert's conclusion[.]"). Everhart asserts that practicalities

precluded her from raising an objection at the hearing. Even so, the time to object and ask questions was at the hearing.

Besides, as Everhart acknowledges, the agency can take administrative notice of job information in the *DOT*. 20 C.F.R. § 404.1566(d); *see also* SSR 00-4p ("In making disability determinations, we rely primarily on the *DOT* (including its companion publication, the SCO) for information about the requirements of work in the national economy."), see https://www.ssa.gov/OP_Home/rulings/di/02/SSR2000-04-di-02.html (last visited Dec. 19, 2017). While the Seventh Circuit has been critical of the *DOT*, *see, e.g.*, *Herrman v. Colvin*, 772 F.3d 1110, 1113 (7th Cir. 2014) (describing it as "obsolete"), the court has not reversed an ALJ's decision because it relied on vocational expert testimony which in turn relied on the *DOT*. An ALJ has a duty to ask a vocational expert about any possible conflicts between the vocational expert's testimony and information in the *DOT*. *See* SSR 00-4p. In this case, the ALJ did ask the vocational expert if his testimony was consistent with the *DOT*, and the expert answered in the affirmative. [Filing No. 13 at ECF p. 87.] Everhart has not identified any conflict between the vocational expert's testimony and information in the *DOT*. Instead, she argues the vocational expert's testimony contradicts information provided by the United States Department of Labor on the "O*NET." As noted, however, the applicable regulation and ruling require that the expert's testimony be consistent with the *DOT*, not with any other source such as the O*NET.

The ALJ was entitled to rely on the vocational expert's uncontradicted testimony about available jobs, including the skill level and number of jobs. That testimony constitutes substantial evidence in support of the ALJ's determination that Everhart is not disabled.

Everhart's second assertion of error is that the ALJ failed to properly evaluate the opinions of her treating physician and the state agency consultative examiner. "[A] treating

physician's opinion 'regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record.'" *Brown*, 845 F.3d at 252 (quoting *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000)). If an ALJ discounts a treating physician's opinion, the ALJ "must offer 'good reasons' for doing so, after having considered the factors identified in the applicable regulation, including consistency and supportability of the opinion. *Id.*; *see also* 20 C.F.R. §404.1527(c).

Everhart's treating physician, Dr. Raque, opined in August 2015 that Everhart was not capable of working because of "her fairly severe spine disease and what sounds like fairly significant pulmonary disease." [Filing No. 13-1 at ECF p. 195.] The ALJ gave "little weight" to this opinion, reasoning that it was an opinion on an issue reserved for the Commissioner and was inconsistent with the lack of treatment Everhart had received and the minimal objective findings on examination. [Filing No. 13 at ECF p. 35.] This opinion was about Everhart's ability to work and thus it was not a "medical opinion" to which any "special significance" was due. *See Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016); 20 C.F.R. § 404.1527(d). Further, the lack of support for an opinion and the lack of consistency between an opinion and the record as a whole are sufficient reasons for discounting even a treating physician's opinions. *See, e.g.*, *Loveless*, 810 F.3d at 507 (concluding the ALJ properly discounted treating source's opinion based entirely on claimant's subjective complaints, where treatment notes generally reflected negative findings, and the opinion was inconsistent with objective medical evidence); 20 C.F.R. § 404.1527(c)(3) and (4) (identifying supportability and consistency as factors to be considered in weighing medical opinions). The ALJ gave proper reasons for discounting Dr. Raque's opinion.

6

Everhart had a consultative examination with Dr. Willage in February 2014. On exam, he noted normal fine motor skills and muscle strength for all four extremities. [Filing No. 13-1 at ECF p. 100.] The musculoskeletal exam findings such as gait, straight leg raising, and station were normal, but Everhart had limited range of motion and "significant tenderness and tightness involving the paraspinous muscles of both her cervical and lumbar spine." [*Id.* at ECF pp. 100–01.] Dr. Willage opined that Everhart could be on her feet (standing and walking) for a total of up to 4 hours a day and would be limited in her ability to crawl, climb, bend, and kneel. [*Id.* at ECF pp. 101–02.] He limited her to lifting and carrying up to 20 pounds occasionally and up to 10 pounds continuously. [*Id.* at ECF p. 102.]

The ALJ gave "some weight" to Dr. Willage's opinions because, other than the limitations on lifting and carrying, they "appear[ed] to be based on [Everhart's] subjective report of symptoms and limitations since his examination was relatively unremarkable." [Filing No. 13 at ECF p. 35.] As noted, the lack of support for an opinion and inconsistency between an opinion and the record as a whole are sufficient reasons for discounting a physician's opinion. *See, e.g.*, *Loveless*, 810 F.3d at 507; 20 C.F.R. § 404.1527(c)(3) and (4). Indeed, Dr. Willage's exam revealed tenderness and decreased range of motion, but the other findings were normal. The lack of consistency between Dr. Willage's opinion of Everhart's ability to stand and walk and his normal exam findings is a proper reason to discount that opinion. *See, e.g.*, *Loveless*, 810 F.3d at 507. The fact that the physician's opinions seemed to be based on Everhart's subjective reports is another sufficient reason for discounting the opinions. *See id.* ("[T]he ALJ properly discounted [a treating physician's] medical opinion that rests entirely on the claimant's subjective complaints[.]").

Finally, Everhart argues the ALJ should have obtained testimony from a medical expert, recontacted the state agency consultants, or arranged for another consultative examination. However, he was not required to do so because the record was adequate to allow for a decision. *See, e.g.*, *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (ALJ is required to recontact medical sources only if the record is inadequate to allow for a decision on disability).

### III. Conclusion

Everhart has not shown that the ALJ committed reversible error. The decision is supported by substantial evidence. Therefore, the Court denies her brief in support of remand [Filing No. 18] and affirms the Commissioner's decision.

Date: 1/17/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record